PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00218-DAD |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| DOUGLAS GREGORY EDWARDS, | DATE: December 13, 2022<br>TIME: 9:30 a.m.<br>COURT: Hon. Dale A. Drozd |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America (the "government"), by and through its counsel of record, and defendant Douglas Edwards, by and through his counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on December 13, 2022.

2. By this stipulation, the defendant now moves to continue the status conference until February 28, 2023, and to exclude time between December 13, 2022, and February 28, 2023, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes over 2,000 pages of investigative reports and other documentation. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

///

  b) The government recently completed DNA laboratory testing of various items recovered by law enforcement at the scene of the fires at issue in this case. The government will be producing these DNA laboratory tests, as well as forensic analyses of the defendant's iPhone, to the defense within a matter of days.

  c) Counsel for the defendant desires additional time to consult with her client, finalize the results of examinations of her client's mental state, review the above-mentioned forthcoming discovery, discuss potential resolutions with her client, and otherwise prepare for trial.

  d) Counsel for the defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  e) The government does not object to the continuance.

  f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 13, 2022, to February 28, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at the defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///
///
///

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated:  December 7, 2022 | PHILLIP A. TALBERT<br>United States Attorney<br><br>/s/ SAM STEFANKI<br>SAM STEFANKI<br>Assistant United States Attorney |
| Dated:  December 7, 2022 | /s/ CHRISTINA SINHA<br>CHRISTINA SINHA<br>Counsel for Defendant<br>DOUGLAS GREGORY EDWARDS |

**ORDER**

In adopting the parties stipulation on October 5, 2022 and continuing the status conference in this case to December 13, 2022, the court noted how long the case has been pending and cautioned counsel that "[n]o further continuances of the status conference in this action will be granted absent a compelling showing of good cause." (Doc. No. 59 at 4.)  Nonetheless, the parties have presented yet another stipulation to continue the upcoming status conference.  The court is reluctant to adopt that stipulation but will do so based solely on the prosecutor's representation above that "[t]he government will be producing these DNA laboratory tests, as well as forensic analyses of the defendant's iPhone, to the defense within a matter of days."[1]  Pursuant to the stipulation of the parties, the December 13, 2022

---

[1] The court does question why this discovery was not produced to the defense long ago in light of the date the indictment was returned.

status conference will be vacated and reset for February 28, 2023 at 9:30 a.m. and the time period of December 13, 2022, to February 28, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].  No further continuances of that new status conference will be granted.

    IT IS SO ORDERED.

Dated:   **December 7, 2022**

                                            UNITED STATES DISTRICT JUDGE